```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION at LEXINGTON
```

MATILDA RANEY,                        )
                                      )
    Plaintiff,                        )   Civil Action No. 08-169-JMH
                                      )
v.                                    )
                                      )   **MEMORANDUM OPINION**
LIFE INSURANCE COMPANY                )   **AND ORDER**
OF NORTH AMERICA, d/b/a               )
CIGNA GROUP INSURANCE,                )
                                      )
    Defendant.                        )

                            \*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on cross-motions of the parties concerning a dispute over the scope of discovery allowable in actions arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Defendant Life Insurance Company of North America ("LINA") moved the Court to enter a protective order under Fed. R. Civ. P. 26(c) against Plaintiff [Record No. 25]. Plaintiff Raney ("Raney") moved the Court to allow limited discovery against LINA, seeking information regarding LINA's conflict of interest in both administering and paying its employees' ERISA plan benefit claims [Record No. 28]. The parties having responded and replied to each motion, this matter is ripe for review. The Court being sufficiently advised, the cross-motions will be granted in part and denied in part.

**I.   BACKGROUND**

On October 8, 1996, Raney began working with Toyota Motor Sales, USA, Inc. As a Toyota employee, Raney had a disability

insurance policy with LINA. As of September 16, 2005, she was unable to return to work due to illness. Raney and LINA dispute her coverage under the disability insurance policy. The underlying issue in this case, which the Court does not address here, is whether Raney is entitled to long-term disability benefits under the policy plan with LINA. LINA decides eligibility under the plan and pays benefits if a plan beneficiary is so eligible.

As part of her efforts to recover benefits from LINA, Raney served discovery requests on LINA on October 28, 2008. The requests asked for information regarding medical personnel and vocational consultants who reviewed Raney's claim for benefits. For each person listed, Raney sought information about their current rates of pay; rates of pay between 1999 and 2007; bonuses, stock options, or other performance rewards, and the criteria for awarding bonuses; the nature of bonuses awarded during evaluation of Raney's claim; and the number of years as a LINA employee. Additionally, Raney asked for records from 2003 to October 28, 2008, pertaining to how many claims each medical reviewer handled and whether any of those claimants were found to be disabled. Raney also asked if any medical reviewer was charged criminally, had their license revoked, was sued civilly, or faced other disciplinary review within the past twenty years. Finally, Raney asked for the approximate number of times in the past five years that medical personnel reviewing Raney's claim performed face-to-

face medical examinations of other patients.

On November 26, 2008, LINA moved for a protective order stating that it was not required to respond to Raney's discovery requests. LINA argues that Supreme Court cases dealing with ERISA conflicts of interest did not change the law in the Sixth Circuit regarding the scope of allowable discovery in ERISA cases. LINA also argues that there is no substantial evidence of unfairness in the administrative record to justify Raney's "wide-ranging" discovery request.

On December 12, 2008, Raney moved this Court to allow limited discovery with the purpose of uncovering evidence to support her claim that LINA had a conflict of interest when it determined Raney's benefits eligibility. Raney argues that the Supreme Court recognized as a matter of law that a conflict of interest exists when a plan administrator is also the payor of benefits. Raney argues that Sixth Circuit law allows limited discovery in ERISA cases, beyond the administrative record, where there exists a lack of due process afforded by the administrator or bias on the part of the administrator.

**II.  ANALYSIS**

The usual discovery rules do not apply in an ERISA denial of benefits case; a district court bases its review of the denial of benefits solely on the administrative record. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). This

-3-

serves the purpose of providing "a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Perry v. Simplicity Eng'g*, 900 F.2d 963, 967 (6th Cir. 2000). Allowing district courts to hear evidence not presented to plan administrators would undermine the protection Congress intended for employees and beneficiaries. *Id*.

Nevertheless, in the Sixth Circuit, "[t]he district court may consider evidence outside the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Wilkins*, 150 F.3d at 619. Discovery outside the administrative record should be limited to such procedural challenges. *Id.* The Supreme Court has held that the dual role plan administrators play in determining eligibility and paying benefits "creates a conflict of interest." *Metro. Life Ins. Co. v. Glenn*, 554 U.S. ___, 128 S. Ct. 2343, 2346 (2008). District courts reviewing plan administrator decisions to deny benefits "should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits; and . . . the significance of the factor will depend upon the circumstances of the particular case." *Id.* Limited discovery outside the administrative record assists the district court in determining how much weight to give presumed conflicts of interest. *Calvert v.*

-4-

*Firstar Fin., Inc.*, 409 F.3d 286, 292 (6th Cir. 2005); *Hays v. Provident Life and Accident Ins. Co.*, No. 08-259-GFVT, 2008 WL 5216125, at *2 (E.D. Ky. Dec. 12, 2008).

Courts differ as to whether discovery should be allowed in all cases in which the dual role conflict of interest exists. *Compare Crider v. Life Ins. Co. of N. Am.*, No. 3:07-331-H, 2008 WL 239659 (W.D. Ky. Jan. 29, 2008) (allowing limited discovery, pre-*Glenn*) *and Winterbauer v. Life Ins. Co. of N. Am.*, No. 4:07-1026-DDN, 2008 WL 4643942 (E.D. Mo. Oct. 20, 2008) (allowing limited discovery) *with Dubois v. Unum Life Ins. Co. of Am.*, No. 08-1630-P-S, 2008 WL 2783283 (D. Me. July 14, 2008) (*Glenn* does not allow automatic discovery whenever a conflict of interest exists). The Sixth Circuit has not addressed the issue since *Glenn* was decided, but there are cases in this district where limited discovery was allowed in order to flesh out any conflict of interest issues. *See McQueen v. Life Ins. Co. of N. Am.*, 595 F. Supp. 2d 752 (E.D. Ky. 2009); *Pemberton v. Reliance Std. Life Ins. Co.*, No. 08-86-JBC, 2009 WL 89696 (E.D. Ky. Jan. 13, 2009); *Hays*, 2008 WL 5216125.

The Court will follow the precedent in this district and allow limited discovery on the basis that this Court cannot fully determine the significance of the existing conflict of interest without the aid of more discovery. Before *Glenn*, some district courts required that any discovery requests be "premised upon evidence within the administrative record . . . rais[ing]

substantial questions of fairness." *Putney v. Med. Mut. of Ohio*, 111 Fed. App'x 803, 807 (6th Cir. 2004); *Crider*, 2008 WL 239659, at *4. After *Glenn*, this requirement is less critical because the Supreme Court noted that such "special procedural rules would create further complexity" unnecessarily. *Glenn*, 128 S. Ct. at 2351; Hays, 2008 WL 5216125, at *3. In short, in order for district courts to consider the inherent conflict of interest involved with dual role plan administrators, as *Glenn* admonishes, limited discovery on the issue is needed. *McQueen*, 595 F. Supp. 2d at 755.

The scope of this discovery is narrow. District courts should determine whether the conflict of interest affected a benefits decision. *Glenn*, 128 S. Ct. at 2351. Factors pertinent to this inquiry include (1) whether there is a history of biased claim denials, (2) whether the employer has taken steps to reduce potential bias and promote accuracy, and (3) whether company policies formally or informally reward or encourage claim denials. *Id.*; *McQueen*, 595 F. Supp. 2d at 755-56.

In the case at bar, the Court will grant, in part, Raney's motion for limited discovery related to LINA's conflict of interest. The Court, however, will deny the rest of the motion for discovery and issue a protective order because much of the discovery sought by Raney is unrelated to LINA's conflict of interest and, in some cases, is highly intrusive. Rather than

-6-

ratify or reject each specific interrogatory or request for documents, the Court establishes the following guidelines for limited discovery in this case.  The Court will allow limited discovery related to whether LINA has a history of biased claim denials, particularly incidence of claim denials or findings of disability per medical reviewer, dating back to 2003. Additionally, the Court will allow discovery of whether LINA has a policy, formal or informal, that encourages or rewards denials through compensation, promotion, or otherwise.  As part of this inquiry, Raney may pursue discovery of compensation paid to medical reviewers from LINA, as well as contractual arrangements between reviewers and LINA, and explanations of each.  Finally, the Court will allow discovery of whether LINA has taken steps to limit potential bias and promote accuracy.  Allowing this limited discovery will aid the Court in deciding how significant the conflict of interest is in this particular case.

The Court will enter a protective order in LINA's favor on any discovery requests pertaining to performance reviews, personnel files, and the backgrounds of reviewers.  Included in this protective order are inquiries into whether reviewers faced criminal charges, civil suits, or disciplinary action.  Also, LINA is not required to respond to requests for information about reviewers failing to become board-certified or whether medical reviewers have treated patients recently.  These credibility-type

-7-

requests are unlikely to lead to evidence of any claim of bias or conflict of interest. See *Pemberton*, 2009 WL 89696, at *4.

**III. CONCLUSION**

For the foregoing reasons, **IT IS ORDERED**:

(1) that Plaintiff's motion for limited discovery [Record No. 28] be, and the same hereby is, **GRANTED IN PART**, limited to discovery pertaining to the issue of whether Defendant's conflict of interest was a significant factor in the denial of Plaintiff's benefits claim, as discussed above, and **DENIED IN PART** as to the remainder of her requests,

(2) that Defendant's motion for protective order [Record No. 25] be, and the same hereby is, **GRANTED IN PART**, as to discovery requests pertaining to performance reviews, personnel files, and the backgrounds of medical reviewers and vocational consultants, as discussed above, and **DENIED IN PART** as to the remainder of the requests,

(3) that the parties shall file a written proposal for discovery and filing deadlines no later than twenty (20) days from entry of this Order, and

(4) that the Court's briefing schedule on the merits of the Administrator's decision shall be **HELD IN ABEYANCE**, subject to intervening orders of the Court.

This the 20th day of April, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

-9-